# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>                              Plaintiff,<br>  vs.<br>MATTHEW CATE, Secretary,<br><br>                             Defendant. | CASE NO. 11-CV-2388 JLS (POR)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

      On October 13, 2011, Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Petition, ECF No. 1.) On October 20, 2011, the Court denied Petitioner's motion to proceed *in forma pauperis* ("IFP") because it failed to include a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint," 28 U.S.C. § 1915(a)(2), as required of prisoners. (October 20 Order 1, ECF No. 3.) In that Order, the Court also dismissed the case without prejudice because Petitioner filed his action pursuant to 28 U.S.C. § 2241, instead of § 2254, *see White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that § 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment"). (October 20 Order 1-2.) On November 16, 2011, the Court denied his second application to proceed IFP as moot, because the Petition had already been dismissed. (November 16 Order, ECF No. 5.) Petitioner now appeals that November 16 Order denying his application to proceed IFP as moot. (Notice of Appeal, ECF No. 6.) The Court of

1 Appeals has remanded Petitioner's appeal to this Court for the limited purpose of granting or
2 denying a certificate of appealability ("COA"). (Order to Issue COA, ECF No. 10.)

### BACKGROUND

Petitioner challenges the sex offender conditions of his parole as unconstitutional. (Petition 2.) He argues that being classified as a sex offender based on his 1987 conviction in Tennessee for sexual battery violates "due process, ex post facto and equal protection laws as applied to me in California." (*Id.*) Specifically, he objects to certain conditions of parole mandated by California's Jessica's Law[1], including residency restrictions and GPS monitoring. (*See* Dec. 29, 2008 Order of Superior Court, Attach. B to Petition.) These restrictions were placed on his parole following his release from custody resulting from a March 28, 2006 conviction for receiving stolen property. (*Id.*) When Petitioner first filed his habeas petition in San Diego County Superior Court on November 3, 2008, he was incarcerated in the R.J. Donovan Correctional Facility for a parole violation. (*Id.*) He was subsequently released on parole on December 16, 2008. (*Id.*)

The state court initially issued a stay of the residency requirements in anticipation of the resolution of the issue by the California Supreme Court in then-pending *In re E.J.*, 47 Cal.4th 1258 (2010). However, the court lifted this stay when Petitioner was again incarcerated due to a January 22, 2010 conviction for robbery and petty theft. (*See* April 14, 2010 Order of Superior Court, Attach. H to Petition.) Petitioner was sentenced to three years in state prison. (*Id.*) The state court then denied his petition because "the issue regarding Petitioner's conditions of parole has been rendered moot," as he was no longer subject to any of the conditions of parole that formed the basis of his petition. (*Id.*) That denial was affirmed in a reasoned opinion by the California Court of Appeals, Fourth Appellate District (*see* July 27, 2010 Order of Court of Appeal, Attach. N to Petition) and summarily by the California Supreme Court (*see* Feb. 2, 2011 Order of Supreme Court, Attach. P to Petition).

---

[1] California voters approved the Sexual Predator Punishment and Control Act: Jessica's Law in 2006 as Proposition 83. It requires sex offenders (1) to reside more than 2,000 feet away from schools and from parks where children regularly gather, and (2) to be monitored by a global positioning system (GPS) device. *See* Cal. Penal Code §§ 3003.5(b) (2000-foot radius), 3000.07 (GPS use required during parole).

**LEGAL STANDARD**

This Court is under an obligation to determine whether a COA should issue in this matter and must "indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted." *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997); *see also* Fed. R. App. P. 22(b). A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the petition is dismissed on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). As both of these components are necessary to obtain a COA, the Court may resolve either issue first, but resolution of the procedural issue first has been encouraged by the Supreme Court. *Slack v. McDaniel*, 529 U.S. at 485; *see also Petrocelli v. Angelone*, 248 F.3d 877, 884 & n.6 (9th Cir. 2001).

**ANALYSIS**

Upon the review of the record, the Court determines it may be debatable whether the Petition was incorrectly filed under 28 U.S.C. § 2241[2] instead of 28 U.S.C. § 2254[3]. In general, state prisoners must make all habeas challenges under § 2254, and may not seek relief under § 2241 if it would be available under § 2254. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). However, there are a few situations in which a state prisoners must seek

---

[2] 28 U.S.C. § 2241 provides the federal courts with general habeas corpus jurisdiction. *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999). It states: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The descendant of § 14 of the Judiciary Act of 1789, courts have held that prisoners may file § 2241 petitions under certain circumstances in which petitions under § 2254 (for state prisoners) or § 2255 (for federal prisoners) are unavailable. *See Felker v. Turpin*, 518 U.S. 651, 659 n.1, 661-663 (1996) (holding that AEDPA did not repeal authority of United States Supreme Court to entertain original habeas petitions pursuant to § 2241, but adding that authority to grant relief to state prisoners is limited by § 2254).

[3] 28 U.S.C. § 2254 allows a state prisoner to challenge his detention by filing a petition for habeas corpus in federal court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

habeas relief by filing a § 2241 petition because § 2254 does not apply to their claims—such as when they challenge pretrial detention, *McNeely v. Blanas*, 336 F.3d 882, 824 n.1 (9th Cir. 2003), or certain decisions of the parole board, *Tyler v. United States*, 929 F.2d 451, 453 n.5 (9th Cir. 1991) (stating that § 2241 is the proper vehicle for obtaining judicial review of a parole board decision instead of § 2255).

Here, the Court dismissed Petitioner's claims as improperly brought under § 2241, reasoning that Petitioner, a state prisoner, could have filed his application under § 2254 to challenge the conditions of his custody on parole, and thus was required to do so. Because the Court interpreted his habeas petition as one alleging "he is in custody in violation of the Constitution," 28 U.S.C. § 2254(a), it found relief under § 2241 would be improper. This conclusion is supported by the Ninth Circuit's interpretation of the habeas statute, which "adopt[s] the majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction. . . . § 2254 is properly seen as a limitation on the general grant of habeas authority in § 2241 that is triggered by a state prisoner who is in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1010 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

However, in situations such as this one where the petitioner challenges the conditions of his parole, courts have allowed prisoners or parolees to proceed under both § 2254 and § 2241. *Compare Bagley v. Harvey*, 718 F.2d 921 (9th Cir. 1983) (affirming denial on the merits of § 2241 petition challenging parole condition restricting residency as unconstitutional), and *Winters-El v. U.S. Parole Comm'r*, No. 06-CV-00047-GAF (C.D. Cal. Dec. 12, 2007) (denying § 2241 petition challenging conditions of parole as moot where parole had been revoked), *affirmed on other grounds by* 320 Fed. Appx. 697 (9th Cir. 2009) (unpublished), *with Hundal v. Ochoa*, 2012 WL 487905 (E.D. Cal. Feb. 7, 2012) (denying § 2254 petition challenging imposition of modified sex offender registration requirements on parole as premature where prisoner was not yet subject to parole conditions), *and Seidel v. Powers*, 2009 WL 365761, No. 06-CV-4638-DDP (C.D. Cal. Feb. 11, 2009) (denying on the merits a § 2254 petition challenging imposition of special parole

conditions and subsequent decision of parole board to revoke the petitioner's parole based on violation of several of these conditions). In light of this, and putting aside the other concerns addressed below, it seems jurists of reason could possibly debate whether a prisoner's challenge to parole conditions imposed as required by state law is properly brought under § 2254, as a challenge to the conditions of custody, or under § 2241, as a challenge to a parole board decision.

But even if the Court's stated reason for dismissal was erroneous, independent procedural grounds exist for the dismissal of this Petition. First, it does not present a cognizable case or controversy. Because Petitioner's parole was terminated when he was convicted of another crime and re-incarcerated, his challenge of the parole conditions imposed in 2008 is moot. "A habeas petition is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Thomas v. Yates*, 637 F. Supp. 2d 839, 840 (E.D. Cal. 2009)*; cf. Spencer v. Kemna*, 523 U.S. 1 (1998) (habeas petition challenging parole revocation was moot where petitioner had been re-released on parole and the term of his imprisonment had expired); *Burnett v. Lampert*, 432 F.3d 996, 1001-01 (9th Cir. 2005) (habeas petition challenging deferral of release on parole was moot where petitioner had been released and subsequently re-incarcerated for violating parole). Petitioner has not shown that he has been released on parole or that he is currently subject to the conditions of which he complains.

Second, Petitioner's history of excessive and redundant filings in this district support yet another independent ground for the dismissal of this action. The Petition is duplicative of several cases previously filed to challenge these same parole conditions on the same grounds. *See Thornton v. Schwarzenneger, et al.*, Case No. 10-CV-1583-RBB (S.D. Cal. filed July 28, 2010); *Thornton v. Cate et al.*, Case No. 11-CV-0190-LAB-JMA (S.D. Cal. filed Jan. 27, 2011); *Thornton v. Cavalin, et al.*, Case No. 11-CV-1484-IEG-POR (S.D. Cal. filed July 1, 2011); *Thornton v. Cavalin, et al.*, Case No. 11-CV-0108-BEN-CAB (S.D. Cal. filed July 1, 2011) (dismissing claims as duplicative and frivolous); *Thornton v. Cate et al.*, Case No. 11-CV-1485-BEN-WMC (S.D. Cal. filed July 1, 2011) (same); *Thornton v. Cavalin, et al.*, Case No. 11-CV-2309-MMA-PCL (S.D. Cal. filed Oct. 5, 2011) (same). And the Court has already dismissed as duplicative a later-filed petition challenging the same parole conditions. *Thornton v. Cate et al.*, Case No. 12-CV-

1 | 0118-JLS-RBB (S.D. Cal. filed Jan. 13, 2012). Thus, the Petition could have been dismissed
2 | pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105
3 | n.2 (9th Cir. 1995). Indeed, on appeal in one of these duplicative cases, the Ninth Circuit ruled
4 | that Petitioner's repeated filings in this district challenging his sex offender parole conditions are
5 | frivolous. *See Thornton v. Cavalin, et al.*, No. 11-56358 (9th Cir. Nov. 15, 2011) (summarily
6 | affirming district court on independent basis that the case was duplicative and frivolous).

For these reasons, Petitioner has made no showing that a jurist of reason would find the Court's dismissal of this Petition debatable. The case having been properly dismissed, the Court cannot see a reason to doubt its November 16, 2011 denial of Petitioner's second motion to proceed IFP as moot, which is the subject of Petitioner's appeal. Accordingly, the Court declines to issue a certificate of appealability on the issue presented for appeal.

**IT IS SO ORDERED**.

DATED: May 4, 2012

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge